**EXHIBIT A**

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE KNOX SUPERIOR COURT I |
| | ) | |
| COUNTY OF KNOX | ) | SITTING AT VINCENNES, INDIANA |

| | | |
|---|---|---|
| CONNIE CHAMBERS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO.: 42C01-2301-PL-000002 |
| | ) | |
| OPTUMHEALTH CARE SOLUTIONS, LLC, THE CENTERS FOR MEDICARE AND MEDICAID SERVICES and UNITED HEALTHCARE CORPORATION | ) ) ) ) ) ) | |
| | ) | |
| Defendants | ) | |

# COMPLAINT FOR DAMAGES AND FOR PRELIMINARY INJUNCTION

Plaintiff Connie Chambers ("Chambers") for her Complaint against Defendants Optumhealth Care Solutions, LLC ("Optum") and United Healthcare Corporation ("United") and her Trial Rule 65(A) Petition for Preliminary Injunction against the Centers for Medicare and Medicaid Services ("CMS") alleges as follows:

1. At all times relevant for purposes of this Complaint Optum was an insurance company, pharmacy benefit manager, insurance broker, insurance agent and/or other health care insurer or provider and a wholly-owned subsidiary of United with its principal place of business in Eden Prairie, Minnesota.

2. At all times relevant for purposes of this Complaint United was a healthcare and insurance provider and the parent corporation of Optum with its principal place of business in Minnetonka, Minnesota.

**EXHIBIT A**

3. At all times relevant for purposes of this Complaint Chambers was a resident and domiciliary of Knox County, Indiana.

4. On December 2, 2020, a Knox County, Indiana lawsuit filed by Chambers under cause number 42D01-1703-CT-000008 against Defendant DWN Management, Inc. ("DWN") was dismissed after settlement.

5. The insurance carrier for DWN was American Family Insurance Company ("American Family").

6. At the time of settlement a Medicaid lien ("lien") existed.

7. At the time of the settlement Chambers was represented by the law firm of Joe D. Black ("the Black Firm").

8. Neither Chambers nor the Black Firm were put on notice of any other lien(s).

9. Prior to settlement Optum repeatedly represented, in writing, that it was authorized to negotiate and settle the lien.

10. Prior to settlement Optum repeatedly represented, in writing, that it was an agent with the express authority to negotiate and settle the lien.

11. Based on Optum's representations the Black Firm negotiated and settled the lien with Optum for $5,000.00.

12. American Family provided a $5,000.00 draft payable directly to Optum which it negotiated in full and final settlement of the lien.

13. After settling the lien CMS began contacting Chambers requesting payment of the lien.

**EXHIBIT A**

14. CMS has denied that Optum was authorized to negotiate or settle the lien.

15. Repeated written requests have been made to Optum to contact Chambers or CMS about the lien but Optum has failed to do so.

16. As a wholly-owned subsidiary of United, at all times relevant for purposes of this Complaint, Optum was so intertwined, connected and controlled by United it was the alter ego of United.

17. Due to their relationship United is liable for the acts and omissions of Optum.

18. Chambers understands and alleges that at all times relevant for purposes of this Complaint, unless otherwise designated, each of the Defendants were the agent, employee or authorized representative of each of the remaining Defendants and were at all times acting within the purpose and scope of such agency, representation and/or employment.

19. To date Optum has failed to respond to repeated requests for information, clarification and assistance as to the lien, without explanation or justification.

20. In falsely representing that it was authorized to negotiate and settle the lien Optum fraudulently misled Chambers, omitted information as to Optum's authority to negotiate and settle the lien, subjected Chambers to liability and failed to protect her and hold her harmless as to claims for accord and satisfaction from third parties including CMS.

21. Chambers reasonably relied on Optum's misrepresentations, fraud, constructive fraud and omissions as to its authority to compromise and settle the lien to her detriment.

**EXHIBIT A**

22. The fraud, fraud by omission and misrepresentation committed by Optum precluded Chambers from properly assessing her risks and options as to the lien and the nature and extent of her exposure and liability to third parties including CMS.

23. The fraud, fraud by omission and misrepresentation committed by Optum breached the duty of good faith and fair dealing it owed to Chambers, is unconscionable and warrants an award of punitive damages, costs and attorney fees for its bad faith and as a deterrent as to such conduct in the future.

24. From the surrounding facts and circumstances, the unjust enrichment of Optum, the positions and knowledge of the parties and the actions of Optum, it breached a contract with Chambers implied-in-fact or implied-in-law subjecting Chambers to liability and damage as a result of the breach.

25. To the extent any alleged payment or other legal responsibility as to the lien may be owed to CMS, Chambers alleges Optum is solely and exclusively liable and should indemnify and hold Chambers harmless.

26. Chambers entreats the Court to adjudicate the issues related to any claim by CMS and alleges that these issues are ripe for determination.

27. The actions of Optum as alleged herein have no legal defense or justification.

28. The actions of Optum as outlined in this Complaint are a violation of the Clean Hands Doctrine causing it to have "unclean hands."

WHEREFORE, Plaintiff, Connie Chambers, prays for an award of compensatory and related damages, punitive damages, costs, attorney fees and all other just and proper relief in the premises. Plaintiff, Connie Chambers, further pray that this Court

**EXHIBIT A**

determine and adjudicate the rights of the parties hereto with respect to the petitioned preliminary injunction declaring:

1. CMS should be enjoined from further collection activity until the Court makes a judgment on the merits as to the rights and liabilities of the parties pursuant to Trial Rule 65(A);

2. Optum should indemnify and hold Plaintiff, Connie Chambers, harmless from any and all alleged liability to CMS in relation to the Medicaid lien in question;

3. Plaintiff, Connie Chambers, is entitled to an award of compensatory and related damages, punitive damages, costs, and attorney fees in this action; and

4. All remaining issues of fact in this action shall be addressed by a jury.

Date <u>1/11/2023</u>

*Rhea Jones-Price*
Rhea M. Jones-Price
PO Box 202
Vincennes, IN 47591
Telephone (812) 886-1563
Facsimile (812) 954-0159

### JURY DEMAND

Plaintiff, Connie Chambers, demands a trial by jury.

*Rhea Jones-Price*
Rhea M. Jones-Price

**EXHIBIT A**