IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

CONNIE CHAMBERS,

    Plaintiff,

vs.                                        CIV. ACTION NO. 2:23-CV-232

OPTUMHEALTH CARE SOLUTIONS, LLC,
THE CENTERS FOR MEDICARE AND
MEDICAID SERVICES and UNITED
HEALTHCARE CORPORATION,

    Defendant.

## AMENDED NOTICE OF REMOVAL OF ACTION ON BEHALF OF UNITED HEALTHCARE INSURANCE COMPANY AND OPTUMINSIGHT, INC.

Pursuant to 28 U.S.C. §1332, Defendant, United Healthcare Insurance Company ("UHIC"), incorrectly named in the complaint as "United Healthcare Corporation" and OptumInsight, Inc. ("Optum"), incorrectly listed in the complaint as "Optumhealth Care Solutions, LLC", hereby remove the pending civil action from the Knox Superior Court sitting in Vincennes, Indiana, to the United States District Court for the Southern District of Indiana, Terre Haute Division, and state as follows:

### Procedural History

1.     On January 11, 2023, Plaintiff commenced a civil action against UHIC and Optum in the Superior Court for Knox County, Indiana which is captioned and docketed as *Connie Chambers v. Optumhealth Care Solutions, LLC, et al.,* Cause Number 42C01-2301-PL-000002 (the "State Action"). Pursuant to 28 U.S.C. § 1146(a), a true and correct copy of the Complaint is attached hereto as Exhibit A. The

remaining pleadings and docket from the lower court record are attached hereto as Exhibit B. No other pleadings or court actions have occurred in the State Action.

2. UHIC was served with the Complaint and Summons via certified mail on April 10, 2023. This notice is timely filed pursuant to 28 U.S.C. § 1146(b) having been filed within 30 days of service of the Complaint upon UHIC.

3. Pursuant to 28 U.S.C. §1441(a), the United States District Court for the Southern District of Indiana, Terre Haute Division, is the correct venue because it is the federal court for the district embracing the place where the State Action is pending.

**Statement of Diversity Jurisdiction Pursuant to L. R. 81-1**

4. This Court has jurisdiction under 28 U.S.C. §1332 and 28 U.S.C. §1441. There is complete diversity of citizenship among the proper parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Plaintiff is a resident and domiciliary of Knox County, Indiana. Ex. A, ¶3.

6. UHIC was incorporated in Connecticut and has its principal place of business in Hartford, Connecticut. UHIC is a citizen of Connecticut. Plaintiff incorrectly named "United Healthcare Corporation" in the complaint. To defendants' knowledge, there is no legal entity known as "United Healthcare Corporation" and it should not be considered for purposes of diversity jurisdiction.

7. Optum was incorporated in Delaware and has its principal place of business in Eden Prairie, Minnesota. Optum is a citizen of Delaware and

Minnesota. Plaintiff incorrectly named Optum as "Optumhealth Care Solutions, LLC" in the Complaint. Optumhealth Care Solutions, LLC is a limited liability company formed in Delaware and has its principal place of business in Eden Prairie, Minnesota. Optumhealth Care Solutions, LLC's sole member is OptumInsight, Inc. Optumhealth Care Solutions, LLC is a citizen of Delaware and Minnesota. While Optumhealth Care Solutions, LLC is not a proper party, its inclusion would have no impact on this Court's diversity jurisdiction as its citizenships are the same as OptumInsight, Inc.

## **Improper Parties**

8.     In addition to UHIC and Optum, Plaintiff names the Centers for Medicare and Medicaid Services ("CMS") as a defendant in the Complaint. CMS has been fraudulently or improperly joined for the purpose of defeating diversity jurisdiction in that no claim asserted by the Plaintiff in the complaint can be maintained against CMS in state court.

9.     A plaintiff cannot name a defendant solely to destroy diversity jurisdiction and must state a legitimate claim against him. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F. 3d 752, 763 (7th Cir. 2009). To establish fraudulent joinder, a defendant must demonstrate that there is no reasonable possibility that the plaintiff could prevail against the non-diverse defendant. *Schur*, 577 F. 3d at 764.

10.    The Complaint provides: "Chambers entreats the Court to adjudicate the issues related to any claim by CMS and alleges that these issues are ripe for adjudication." The Complaint also requests that the court:

"to determine and adjudicate the rights of the parties hereto with respect to the preliminary injunction declaring: 1. CMS should be enjoined from further collection activity until the Court makes a judgment on the merits as to the rights and liability of the parties pursuant to Trial Rule 65(A)." Ex. A, ¶ 26.

11. Plaintiff's complaint asks the state court to adjudicate her obligation to reimburse CMS for Medicare benefits paid for treatment of accident-related injuries. Yet, federal district courts have exclusive jurisdiction to review Medicare reimbursement decisions only after exhaustion of the prerequisite administrative remedies. *See* 42 U.S.C. §§ 1395ff(b)(1)(A) (incorporating 42 U.S.C. § 405(g)), 1395ii (incorporating 42 U.S.C. § 405(h)).

12. There is no evidence that Plaintiff started, much less exhausted, Medicare's administrative remedial process. Even if she had, the Knox County Superior Court would lack subject matter jurisdiction over her claims against CMS. Any claim arising under the Medicare Act must be brought in federal district court after exhaustion of the administrative appeals process. 42 U.S.C. § 405(g). State courts never have subject matter jurisdiction over claims arising under the Medicare Act.

13. Plaintiff's claim against CMS, for determination of its "lien", arises under the Medicare Act. See *Fanning v. United States*, 346 F.3d 386 (3rd Cir. 2003) (dismissing action seeking determination that Medicare was not entitled to recover for lack of jurisdiction where there was no final agency action to review; finding that the demand letter was not a final agency action); *Cochran v. HCFA*, 291 F.3d 775 (11th Cir. 2002) (dismissing challenge to constitutionality of MSP statute and regulations for lack of jurisdiction where the plaintiff failed to exhaust her administrative

4

remedies before filing her federal lawsuit); *Buckner v. Heckler*, 804 F.2d 258, 259 (4th Cir. 1986) (dismissing for lack of jurisdiction a suit seeking a declaratory judgment that Medicare did not have a right to recover where the plaintiff had failed to exhaust prerequisite administrative remedies); *Braucher v. Swagat Group, LLC*, No. 07-CV-3253, 2011 WL 832512 (C.D.Ill. Mar. 3, 2011) (dismissing plaintiff's motion to adjudicate Medicare lien where the plaintiff had failed to first exhaust administrative remedies); *Humana Medical Plan v. Reale*, 180 So.3d 195, 204 (Fla. 3rd Dist. Ct. App. 2015)("[C]ourts have consistently and overwhelmingly held that disputes concerning reimbursement of conditional payments are claims for benefits that 'arise under the Medicare Act'").

14. Because the Superior Court of Knox County, Indiana lacks subject matter jurisdiction over Plaintiff's claim against CMS, there is no reasonable possibility that the Plaintiff could prevail against CMS in that forum. Thus, CMS was improperly or fraudulently joined to the action and should not be considered for purposes of this Court's diversity jurisdiction.

## Amount in Controversy

15. Plaintiff's claim against UHIC and Optum seeks an award of "compensatory and related damages, punitive damages, costs and attorney fees in this action." Ex. A. The Complaint also provides: "To the extent that any alleged payment of other legal responsibility as to the lien may be owed to CMS, Chambers alleges Optum is solely and exclusively liable and should indemnify and hold Chambers harmless." *Id*.at ¶ 25. While the Complaint is silent to the amount of CMS's claim, Plaintiff's counsel advised in an email to Optum's representative that CMS has

claimed $39,000. A true and correct copy of the email is attached hereto as Exhibit C.

16. In addition to indemnification, Plaintiff seeks punitive damages. Indiana allows punitive damages up to the greater of: (1) $50,000, or (2) three-times compensatory damages. I.C. § 34-51-3-4. Punitive damages should be included in determining the amount in controversy if recoverable under state law. *Oshana v. Coca-Cola Co.,* 472 F.3d 506 (7th Cir. 2006)(Although the complaint did not include a claim for punitive damages, such damages were allowed by state law and could be included in calculating the amount in controversy). While UHIC and Optum dispute that punitive damages would be appropriate in this matter, Plaintiff's claim for punitive damages creates exposure up to $117,000 (three times the compensatory damage claim).

17. Considering Plaintiff's claims for compensatory damages, punitive damages, and attorney fees, UHIC and Optum estimate that the amount in controversy exceeds $75,000 exclusive of interest and costs.

### Consent for Removal

18. Defendants UHIC and Optum join in this motion. While Optumhealth Care Solutions, Inc. was improperly named and is not a proper party to this suit, it consents to the removal. CMS was improperly joined to this matter, and its consent is not necessary.

### Notice to Parties and State Court

19. In accordance with 28 U.S.C. § 1446(d), the Plan will promptly give written notice hereof to all parties and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court in and for Knox County, Indiana.

**WHEREFORE**, having fulfilled the statutory requirements of removal, Defendants, United Healthcare Insurance Company and OptumInsight, Inc. respectfully removes this action from the Superior Court in and for Knox County, Indiana.

Respectfully submitted,

**KOLB CLARE & ARNOLD, PSC**

*/s/ John D. Kolb*
Linda H. Clare
John D. Kolb
jkolb@kcalegal.com
9400 Williamsburg Plaza, Suite 200
Louisville, Kentucky 40222
(502) 614-3776  Telephone
(844) 557-4329  Facsimile

**ATTORNEY FOR DEFENDANTS
UNITED  HEALTHCARE
INSURANCE COMPANY AND
OPTUMINSIGHT, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing on behalf of Defendants, United Healthcare Insurance Company and OptumInsight, Inc. was served on May 12, 2023, to all counsel of record via the Court's ECF system.

/s/ *John D. Kolb*
John D. Kolb