UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CONNIE CHAMBERS, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | 2:23-cv-00232-JMS-MG |
| *vs.* ) | |
| ) | |
| THE CENTERS FOR MEDICARE AND MEDICAID ) | |
| SERVICES, OPTUMINSIGHT, INC., and UNITED ) | |
| HEALTHCARE INSURANCE COMPANY, ) | |
| ) | |
| *Defendants*. ) | |

**ORDER**

On May 10, 2023, Defendant OptumInsight, Inc. ("Optum") and United Healthcare Insurance Company ("UHIC") removed this case from Knox Superior Court to this Court. [Filing No. 1.] Shortly thereafter, Optum and UHIC filed a Motion to Dismiss the Complaint that Plaintiff Connie Chambers had filed in the Knox Superior Court. [Filing No. 11.] In their Motion to Dismiss, Optum and UHIC argue, among other things, that Ms. Chambers' fraud claims do not meet the heightened pleading standard set forth in Fed. R. Civ. P. 9(b). [Filing No. 12 at 2-5.]

In her response to the Motion to Dismiss, Ms. Chambers argues that she originally filed this case in state court and should be given a chance to amend her Complaint so that it complies with federal pleading standards. [Filing No. 22 at 2-3.] She asserts that the issues raised in the Motion to Dismiss "would be best addressed through the Court granting leave for Plaintiff to amend her complaint rather than making the dispositive and decisive determination to completely dismiss the complaint." [Filing No. 22 at 2.]

In their reply, Optum and UHIC argue that Ms. Chambers appears to concede in her response that her Complaint does not meet the pleading standards set forth in Rule 9(b) and Fed.

R. Civ. P. 12(b)(6) and note that she does not respond to the substantive arguments set forth in the Motion to Dismiss. [Filing No. 25 at 1-2.] Optum and UHIC argue that Ms. Chambers had 21 days from the filing of the Motion to Dismiss to amend her Complaint as a matter of right under Fed. R. Civ. P. 15(a)(1)(B), but did not do so. [Filing No. 25 at 2.] They assert that she now must either obtain their consent to file an Amended Complaint or seek leave of Court to do so, but has done neither. [Filing No. 25 at 2.] Optum and UHIC request that the Court grant their Motion to Dismiss and that "[i]f [Ms. Chambers] believes that she can assert facts sufficient to support a plausible claim against Optum or UHIC, she can seek Defendants' consent or leave of court to file an amended complaint." [Filing No. 25 at 2.]

Once a case is removed to federal court, the sufficiency of the complaint is evaluated pursuant to federal pleading standards. *See Stuhlmacher v. Home Depot U.S.A., Inc.*, 2011 WL 1792853, at *4 (N.D. Ind. May 11, 2011). When the complaint does not meet federal pleading standards, repleading is permitted to allow the plaintiff to meet those standards. *Id.* Here, Ms. Chambers does not substantively respond to Defendants' arguments regarding why her Complaint does not meet the pleading standards set forth in Rule 9(b) and Rule 12(b)(6). Accordingly, Ms. Chambers has waived any opposition to those arguments and the Court **GRANTS** Optum's and UHIC's Motion to Dismiss, [Filing No. 11]. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument…results in waiver," and "silence leaves us to conclude" that the silent party is making a concession.).

The Court, however, construes Ms. Chambers' response brief as a request for leave to amend her Complaint and finds that Ms. Chambers should be given an opportunity to amend her Complaint so that it complies with federal pleading standards. Consequently, the Court **DISMISSES** Ms. Chambers' Complaint **WITHOUT PREJUDICE** and **ORDERS** her to file any

Amended Complaint by **September 29, 2023**. A failure to do so will result in the dismissal of this case.

The Court notes that the proper procedure in this case would have been for Ms. Chambers to file an Amended Complaint as of right within 21 days of the filing of the Motion to Dismiss pursuant to Rule 15(a)(1)(B). This course of action would have conserved judicial resources and saved the parties the time and effort they expended in completing the briefing of the Motion to Dismiss. The Court cautions counsel for Ms. Chambers that, now that this case has been removed, she must comply with the Federal Rules of Civil Procedure – which differ significantly from state court rules. Should counsel not be familiar with the Federal Rules of Civil Procedure and need assistance complying, it is her responsibility to seek that assistance. Going forward, compliance is expected and required.

In sum, the Court **GRANTS** Optum's and UHIC's Motion to Dismiss, [11], and **DISMISSES** Ms. Chambers' Complaint **WITHOUT PREJUDICE**. Ms. Chambers is **ORDERED** to file any Amended Complaint by **September 29, 2023**. Failure to do so will result in the dismissal of this case.

Date: 9/14/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**